# EXHIBIT A

3446351.1

# David Potts

| | |
|---|---|
| **From:** | Curtis Pritchett <curt.prit@gmail.com> |
| **Sent:** | Friday, August 10, 2018 5:13 AM |
| **To:** | David Potts |
| **Subject:** | Re: Pritchett v. Global Logistics - our motion for summary judgment |

August 10, 2018

Mr. Potts,

Well this is a different kind of letter than I was expecting. An Initial offer letter was the Letter I was looking for!

After reading your letter, I was having trouble recollecting me ephysizing that this was a retaliation

Due to my injury. My words in the deposition, was that This was a wrong ful termination while on light duty under a doctor's care from an injury that happened at work.

The un-ethical, work practices was going on way before my injury . Being passed over for flight status position , work assignments, etc.

I cannot drop this case with prejudice.


Respectfully

Curtis Wayne Pritchett


On Thu, Aug 2, 2018 at 2:50 PM, David Potts <DPotts@jshfirm.com> wrote:

Mr. Pritchett,


In the Court's Case Management Order, we are required to exchange letters regarding anticipated motions for summary judgment, the issues and claims on which summary judgment will be sought, and the basis for the motions. Rather than wait until January for this, I intend to ask the Court for leave to file our motion for summary judgment now. Below is our basis for that motion for summary judgment and request that you voluntarily dismiss this case.


The only claim you have remaining in this case is for worker's compensation retaliation. In order to prove this, you have to prove that you engaged in protected activity by filing a worker's compensation claim, were terminated, and that there is a causal connection between the two. We agree that you filed a worker's compensation claim, and we agree you were terminated, but we do not believe there is any evidence of a causal connection between the two.

To the contrary, your termination was the culmination of months of prior discipline.  You are aware that you were previously disciplined for failure to show up to work on-time on March 22, 2016, May 23, 2016, and August 1, 2016. You were suspended from work because of these repeated issues and informed that "future deficiencies will result in additional discipline to include termination of employment." All of these pre-date your worker's compensation claim.

Your injury occurred on August 13, 2016. After that time, though, there was no retaliation – to the contrary, Global Logistics offered you a light duty assignment (on September 30, 2016) that paid the same as your previous position. You were absent from work on occasion after that with a doctor's note, and, to the extent that you had that medical authorization, that time off was granted. It is clear there was no retaliation.

It was not until you failed to show up to work without approved leave on November 1, 2016 that you were terminated. That reason, and that reason alone, was the basis for your termination.

Finally, it is worth noting that, in your deposition, you did not even testify that you were terminated because of your worker's compensation claim. Instead, you claimed that you were terminated because of personal differences that you had with Russ that pre-dated your worker's compensation injury.

Because of this, you do not have a worker's compensation retaliation claim, so your claim should be dismissed. I am requesting that you dismiss your claim with prejudice by **August 10, 2018**. If you do not do so, I am going to ask the Court for permission to file our Motion for Summary Judgment on this topic.

Please let me know by August 10, 2018 your response, and if you have any questions, don't hesitate to e-mail me.

Sincerely,

David



**DAVID C. POTTS** | Associate
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700 | Phoenix, Arizona 85004
**P** 602.263.4547 | **M** 480.268.6390 | **F** 602.200.7829
website | bio | vCard | map | email | linkedin

2

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.